ALICE  A.  MINICK,  APPELLANT,  V.  NELSON  C.  BROCK
ET AL., APPELLEES.

FILED JUNE 26, 1894.    No. 5421.

1. **Injunction:** PRINCIPAL AND SURETY.   A court of equity, in a
   proper case, will restrain the sale of the property of a surety
   for the satisfaction of a judgment against him, when it appears
   that the principal debtor has sufficient property liable to execu-
   tion within the jurisdiction of the court for the satisfaction of
   such judgment, at least until after the property of the principal
   debtor has been exhausted.

2. ———: ———.   It seems that a court of equity, upon the appli-
   cation of a surety in a judgment, will restrain the sale of such
   surety's property for the satisfaction of such judgment until the
   property within the jurisdiction of the court belonging to his
   co-surety has been exhausted, when it appears that such surety
   incurred the obligation on which the judgment is based, at the
   request of the co-surety and upon his promise to indemnify and
   save him harmless by reason thereof.

3. ———: EXECUTIONS: PRINCIPAL AND SURETY.   Where the lia-
   bilities of sureties in a judgment are all equal, and where the
   relations between them are not such that one surety is surety
   or guarantor for the other, a court of equity will not, in any
   manner, assume to control an officer holding an execution for
   the satisfaction of a judgment, and will not direct whether he
   levy the execution upon the property of all the sureties or sat-
   isfy the entire judgment out of the property of one of them.

APPEAL from the district court of Lancaster county.
Heard below before HALL, J.

*W. Henry Smith,* for appellant.

*J. E. Philpott, contra.*

RAGAN, C.

On the 22d day of January, 1889, Marilla B. Hubbell,
V. H. Gibson, E. T. Huff, and Alice A. Minick executed
and delivered to John G. Southwick a promissory note for

fifteen hundred dollars, due ten months after date, drawing interest at the rate of ten per cent per annum from date until paid.  On the 11th day of March, 1891, in the district court of Lancaster county a judgment was rendered upon this note in favor of the Nebraska Savings Bank, to whom Southwick had indorsed and sold the note, and against Marilla B. Hubbell, as principal, and Gibson, Minick, and Huff, as sureties.  Some time after this the Nebraska Savings Bank sold and assigned this judgment to one Nelson C. Brock, and he caused a transcript to be filed in the office of the clerk of the district court of Gage county and an execution to be issued out of said clerk's office and delivered to the sheriff of said county.  Alice A. Minick owned lands in Gage county, and the sheriff having levied said execution upon her lands in that county for the satisfaction of said judgment, she brought this case in equity in the district court of Lancaster county against the said Nelson C. Brock, the Nebraska Savings Bank, John G. Southwick, Edward T. Huff, and the sheriff of said Gage county to restrain the latter from selling her lands for the satisfaction of said judgment.  She alleged in her petition, in substance, as grounds for such injunction that at the time she signed the note to Southwick Mrs. Hubbell was the owner of some furniture in a hotel in Lincoln; that E. T. Huff had a mortgage upon such furniture; that he was receiving the rents and profits from said hotel, and desiring that the hotel should continue in operation and that he should continue in receipt of the profits from the hotel business, he requested Mrs. Minick to become surety with him on Mrs. Hubbell's note to Southwick, promising her that if she did so that he, Huff, would pay the note at maturity and save her harmless from any damages, costs, or expenses by reason thereof; that she became surety on the Southwick note, relying upon this promise of Huff; that Huff in fact had paid the judgment to the Nebraska Savings Bank, and that he and Brock had procured the

37

bank to assign the judgment to Brock, and by issuing an execution now sought to compel her, Minick, to pay the entire judgment; that Brock really had no interest in the judgment, and that Huff had abundant property in Lancaster county, where the judgment was rendered, and upon which property the judgment was a lien, to satisfy the same; and that the property of Huff should be exhausted before coming upon her, Minick's, property. The answer of the defendants to this action made the following issues of fact: First, whether Huff promised Mrs. Minick that he would indemnify her for signing with him as surety Mrs. Hubbell's note; second, whether the judgment rendered had in fact been paid by Huff and was held by Brock for his, Huff's, benefit, or whether Brock in good faith bought the judgment from the Nebraska Savings Bank and was the owner of the same. The district court found the issues in favor of the defendants and dismissed Mrs. Minick's case. From this judgment of the district court Mrs. Minick appeals.

The evidence that Brock was the owner in his own right of the judgment rendered in favor of the Nebraska Savings Bank and against Hubbell and others, that he purchased said judgment from said Bank with his own money for his own use for the face of the judgment and interest, was practically undisputed. The other issue as to whether Huff agreed to indemnify Mrs. Minick for becoming surety with him on Mrs. Hubbell's note was conflicting, and the finding of the court against Mrs. Minick on that issue cannot be disturbed.

Section 511 of the Code of Civil Procedure provides that when a judgment has been rendered against one as principal and others as sureties, the property of the principal debtor within the jurisdiction of the court shall be exhausted before the property of the sureties shall be taken. There is no evidence in this case that Mrs. Hubbell, the principal debtor, has any property liable to execution

Minick v. Brock.

within the jurisdiction of the court, and since the court has
found that Mrs. Minick and Mr. Huff are co-sureties
equally liable for the judgment held by Brock, and as to
the liabilities of Huff and Minick, Huff is not a princi-
pal debtor, Mrs. Minick's case must fail.   A court of
equity would, no doubt, in a proper case, restrain a sale of
the property of a surety for the satisfaction of a judgment
against him on a showing that the principal debtor had
sufficient property liable to execution within the jurisdic-
tion of the court for the satisfaction of such judgment, at
least until after the property of the principal debtor had
been exhausted; and a court of equity, on application of
one surety in a judgment, might restrain the sale of such
surety's property for the satisfaction of the judgment until
the property within the jurisdiction of the court belonging
to his co-surety had been exhausted, when it clearly ap-
peared that the surety incurred the obligation, on which
the judgment was based, at the request of such co-surety
and upon his promise to indemnify him and save him
harmless by reason thereof; but where the liabilities of
sureties are all equal, and where the relations between them
are not such that one is surety or guarantor for the other, a
court of equity will not, in any manner, assume to control
the officer holding the execution.   He may levy it upon
the property of all the sureties, or he may make the en-
tire judgment out of the property of one of them.   The
decree is

AFFIRMED.